UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-20353-CR-Martinez/Garber

UNITED STATES OF AMERICA,

v.

GOERGE VICTOR,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

    THIS CAUSE is before the Court by Order of Reference from United States District Judge Jose E. Martinez [DE 23]. Pursuant to such reference the Court has received the defendant Goerge Victor's Motion to Suppress [DE 15] and the government's response in opposition [DE 19]. A hearing on said motion was held on August 8, 2013. The defendant appeared with his attorney of record, Richard Docobo, Esquire, and the government was represented by Assistant United States Attorney Andy R. Camacho.

## FACTUAL BACKGROUND

    The underlying facts occurred on December 18, 2012. On that date Detectives Jose Marin and Craig Catlin of the North Miami Beach Police Department, both of whom were also deputized federal officers,[1] were performing their duties on routine patrol. They often drive by "The Office Gentlemen's Club" (the Club), located at 250 NE 183 Street, Miami, Florida. According to the government's witnesses, Marin and Catlin, such area has experienced substantial criminal activity, including gang activity and the firing of weapons. On early December 19, 2012, a silver Hyundai

---

[1] Catlin is a deputized Task Force Officer with ATF; Marin is a deputized Task Force Officer with the IRS, Criminal Investigation.

Genesis was seen by Detective Marin parked close to the Club. The vehicle seen by Marin had darkly tinted windows. A Hyundai Genesis had been the subject of two BOLO (Be On the Lookout) notices, one of which was allegedly involved in gun brandishing activity in North Miami Beach on December 10, 2012. The second BOLO was in regard to a burglary in North Miami Beach on December 18, 2012, prior to the time that Detectives Marin and Catlin began their shift.

Detective Marin contacted Detective Catlin, who was in a separate vehicle, to advise him that he observed a silver Hyundai Genesis with dark tinted windows, since it fit the description set forth in the BOLOs. Catlin proceeded to the area of the Club, where he and Marin observed two males walking toward the Genesis. Marin recognized both of the men, Victor and Semplice, from previous encounters; Catlin recognized Victor as a person he had previously arrested and was known as a gang member. Victor entered the Genesis through the driver's side; Semplice entered through the right rear passenger's door.

The Genesis was started and moved forward. Marin and Catlin then turned on their blue/red lights and stopped the Genesis for a traffic violation in that the Genesis had illegally tinted windows. The stop was also based on the two BOLOS previously received regarding a silver Genesis with tinted windows that had allegedly been involved in unlawful and inappropriate activity. Both Marin and Catlin positioned their vehicles in front of the Hyundai and drew their weapons, since the stop was in an area known by the officers as a high crime area.

Both officers displayed their police badges across their chest. Marin went toward the driver's side and Catlin proceeded to the passenger side. Since it was difficult, if not impossible, to see into the vehicle from its side windows because of the tinting, the officers looked through the windshield.

The defendant and Semplice, according to Marin and Catlin, were observed concealing objects within the car. Victor was seen putting something under the driver's seat. Both Victor and Semplice were then directed to exit the vehicle and to approach the detectives. The defendant and Semplice were detained for the safety of the officers.

It was determined that the Genesis was a rental car from Hertz. Catlin then used his flashlight to observe the interior of the Genesis and saw a gun in plain view near the rear floorboard. The officers then searched the Genesis and found two firearms, one Sig Sauer P228 .9 millimeter handgun, and a Glock 23 .40 caliber firearm, both of which had been stolen. The search also resulted in the seizure of an iPad, as well as several cell phones.

Both Victor and Semplice were convicted felons; defendant Victor was on probation from another offense. Both Victor and Semplice were placed under arrest and transported to the police station. The detectives prepared reports, arrest forms, and forms relating to the seizure of the Genesis since Hertz had instructed the officers to impound the vehicle which was in violation of the lease terms by having after market tinted windows.[2]

## DISCUSSION

The defendant Victor's Motion to Suppress appears to be based upon his claim that the evidence in this cause was seized in violation of the defendant's rights guaranteed by the 4th Amendment to the Constitution of the United States. He correctly claims that since the search and seizure was not based upon a search warrant, it is incumbent for the government to offer proof that such seizure was based upon an exception to the warrant requirement. The Court finds that the government has met and satisfied such burden, as set forth below.

---

[2] The facts set forth above are based upon testimony set forth in the transcript of the suppression hearing.

The defendant also claims that since the arrest took place outside of the detectives' jurisdiction, it was unlawful and should result in the granting of the defendant's Motion to Suppress. Such argument is unavailing since both Detectives Marin and Catlin were deputized federal officers whose jurisdiction is not limited to their jurisdiction as municipal law enforcement officers.

The detectives, both experienced in issues pertaining to window tinting, appropriately stopped the defendant's rented vehicle for being in violation of window tinting ordinances and/or statutes. Fla. Stat. § 316.2953. "The decision to stop an automobile is reasonable where the police have probable cause to believe that a traffic violation has occurred." *Whren v. United States*, 517 U.S. 806, 810 (1996). Further, the defendant's Genesis description matched that of the Genesis that was the subject of two earlier BOLOs for suspected criminal violations. Such facts were sufficient to justify a stop of the Genesis.

Based upon a plain view of a firearm inside the Genesis, the police were entitled to conduct a protective search for their own safety based upon their reasonable belief that the defendant and Semplice posed a threat to the officers. The United States Supreme Court, in the case of *Michigan v. Long*, 463 U.S. 1032. 1049 (1983), opined that since roadside encounters may be hazardous, danger may arise from weapons in the area close to the defendant. "[T]he search of the passenger compartment of an automobile, limited to those areas in which a weapon may be placed or hidden, is permissible if the police officer possesses a reasonable belief based on specific and articulable facts which, taken together with the rational inferences from those facts, reasonably warrant the officer to believe that the suspect is dangerous and the suspect may gain immediate control of the weapons." *Id*. See also, *Terry v. Ohio,* 392 U.S. 1 (1968).

The Eleventh Circuit Court of Appeals, in its decision in *United States v. Delgado*, 250 Fed. Appx. 268, 2007 WL 2859806 at *1 (11th Cir. Oct. 3, 2007), ruled that a protective search of the defendant's vehicle was proper where probable cause exists for the traffic stop and the defendant had a gun in plain view.

The Court finds that the testimony of Detectives Marin and Catlin was highly credible and withstood cross-examination by defense counsel. Their testimony was forthright, thoughtful, and dealt squarely with issues raised by the defense.

For the reasons set forth above and upon a consideration of the totality of the evidence and circumstances presented, the Court finds that the search and seizure in this cause was justified and proper without a warrant since the government has clearly met its burden in establishing the existence of exceptions to the requirement of a search warrant.

## CONCLUSION AND RECOMMENDATION

For reasons set forth above and based upon the Court's review of the record, and consideration of the submissions of the parties, testimony of the witnesses, argument of counsel, and review of the exhibits, the undersigned respectfully

RECOMMENDS that the defendant Goerge Victor's Motion to Suppress [DE 15] be DENIED.

The parties have fourteen (14) days from the date of this Report and Recommendation within which to file written objections, if any, with United States District Judge Jose E. Martinez. See 28 U.S.C. §636 (1991). Failure to file timely objections may bar the parties from attacking on appeal the factual findings contained herein. LoConte v. Dugger, 847 F.2d 745, 750 (11th Cir.), cert. denied, 488 U.S. 958 (1988).

RESPECTFULLY SUBMITTED at the United States Courthouse, Miami, Florida this 19th day of August 2013.

_____
BARRY L. GARBER
UNITED STATES MAGISTRATE JUDGE