UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division
**Case Number:13-20353-CR-MARTINEZ-GARBER**

UNITED STATES,

vs.

GOERGE VICTOR,
    Defendant.
_____/

## ORDER ADOPTING MAGISTRATE JUDGE GARBER'S REPORT AND RECOMMENDATION

THE MATTER was referred to the Honorable Barry L. Garber, United States Magistrate Judge for a Report and Recommendation on Defendant Goerge Victor's Motion to Suppress (D.E. No. 15). Magistrate Judge Garber held a hearing on this motion on August 8, 2013 (the "August 8th Hearing") and filed a Report and Recommendation (D.E. No. 33), recommending that the motion be denied. The Court has reviewed the entire file and record and has made a *de novo* review of the issues that the objections to the Magistrate Judge's Report and Recommendation present.

Defendant objects to the Report and Recommendation, because (a) this case involves a full scale search and seizure without probable cause and without even a reasonable suspicion for a *Terry*[1] stop; (b) the nature of the stop far exceeded that which is allowable for a *Terry* stop;[2] and (c) there was an insufficient basis for a *Terry* stop. Magistrate Judge Garber thoroughly addressed these issues. The Magistrate Judge found that the detectives, both experienced in issues pertaining to window tinting, appropriately stopped the Defendant's vehicle for being in

---

[1] *Terry v. Ohio*, 392 U.S. 1 (1968)

[2] The Defendant notes that he was ordered from his car at gunpoint. The fact that police draw their weapons does not, as a matter of course, transform an investigatory stop into an arrest. *See United States v. Diaz-Lizaraza*, 981 F.2d 1216 (11th Cir. 1993); *United States v. Kapperman*, 764 F.2d 786 (11th Cir. 1985).

violation of window tinting ordinances and/or statutes. (D.E. No. 33 at 4). Moreover, the Magistrate Judge found that the Defendant's vehicle matched the description of the vehicle that was the subject of two earlier Be On the Lookout notices ("BOLOs"). *Id.* One of the BOLOs was in regard to a burglary that occurred earlier in the day prior to the stop in this case. The Defendant argues that the suspect in that BOLO did not fit the description of the Defendant or Paul Simplice, who was with the Defendant at the time of the stop. (D.E. 36 at 3). However, the Government, during the August 8th Hearing, noted that there was an indication that there were multiple individuals involved in the burglary. (D.E. No. 32 at 116). The Magistrate Judge also found that based upon a plain view of a firearm inside the Defendant's vehicle, the police were entitled to conduct a protective search for their own safety based upon their reasonable belief that the Defendant and Simplice posed a threat to the officers. (D.E. No. 33 at 4). The Court agrees with the Magistrate Judge's analysis that the search and seizure in this case was justified and proper without a warrant since the Government met its burden in establishing the existence of exceptions to the requirement of a search warrant. After careful consideration, the Court affirms and adopts the Report and Recommendation. Accordingly, it is hereby:

**ADJUDGED** that United States Magistrate Judge Garber's Report and Recommendation (D.E. No. 33) is **AFFIRMED** and **ADOPTED**. Accordingly, it is

**ADJUDGED** that

Defendant Goerge Victor's Motion to Suppress (D.E. No. 15) is **DENIED**.

DONE AND ORDERED in Chambers at Miami, Florida, this 5 day of September, 2013.

JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

Copies provided to:
Magistrate Judge Garber
All Counsel of Record

2